UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
             :
DAVID TERRACINO,            :
             :
             :
         Plaintiff,       :
             :      **OPINION AND ORDER**
    - against -           :
             :      09 Civ. 09523 (SAS)
BARR PHARMACEUTICALS INC.,  :
DURAMED PHARMACEUTICALS,    :
INC., TEVA PHARMACEUTICALS, :
INC., AND DOES 1-100 INCLUSIVE, :
             :
             :
         Defendants.      :
------------------------------------------------------------ X



SHIRA A. SCHEINDLIN, U.S.D.J.:

## I.    INTRODUCTION

David Terracino brings suit against Barr Pharmaceuticals, Inc., its subsidiary, Duramed Pharmaceuticals, Inc., the corporate parent of both companies, Teva Pharmaceuticals, Inc. (collectively "defendants"), and Does 1-100,[1] alleging violations of his right against self-incrimination as guaranteed by the Fifth Amendment to the United States Constitution, as applied to the States and their political subdivisions through the Fourteenth Amendment to the United States

---

[1] Terracino has included as defendants "Does 1-100." Without further information about who these "Does" are, this Court cannot determine whether it has personal jurisdiction over them, or whether notice has been served on them personally or on any entity authorized to receive service on their behalf.

Constitution, and as protected by Section One of the Civil Rights Act of 1871 ("Section 1983").[2] Defendants now move to dismiss Terracino's Second Amended Complaint in its entirety for failure to state a claim for violations of Section 1983. For the following reasons, defendants' motion to dismiss is granted with prejudice.

## II. BACKGROUND

### A. Facts[3]

From October 3, 2005 until September 17, 2008, Terracino was a full-time "at will" employee of defendants.[4] On September 9, 2008, Terracino was charged with Harassment in the Second Degree under New York State Penal Law Section 240.26.[5] While the criminal case was pending in the Village of Monroe Justice Court, Terracino's counsel advised him to exercise his federal and state Constitutional rights against self-incrimination by remaining silent.[6]

At some point after the commencement of the criminal case,

---

[2] 42 U.S.C. § 1983.

[3] The facts are drawn from the Second Amended Complaint and documents attached to the Complaint. *See Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) ("Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered.") (quotation marks and citation omitted).

[4] *See* Second Amended Complaint ("Compl.") ¶ 17.

[5] *See id.* ¶ *18.*

[6] *See id.* ¶ 21.

defendants communicated with the Monroe Police Department about the investigation and were provided with certain documents by the Police Department.[7] Among those documents was a New York State Incident Report, which included statements indicating Terracino's failure to speak with the police about the case.[8] On September 17, 2008, defendants questioned Terracino about the pending criminal charges and "informed plaintiff that if he did not agree to speak to the Monroe Police Department concerning the pending charges, plaintiff would in all likelihood lose his job and livelihood."[9] Nonetheless, Terracino followed his counsel's advice and "refused to speak to anyone other than his attorney about the pending criminal charges."[10] Defendants terminated Terracino's employment on the same date for "failing to cooperate with a police investigation."[11]

### B. Procedural History

On September 16, 2009, Terracino initiated this action in the Supreme Court of the State of New York in Dutchess County. Terracino alleged wrongful termination under common law and negligent infliction of emotional distress. On

---

[7] *See id.* ¶¶ 23-24.

[8] *See id.* ¶ 25.

[9] *Id.* ¶ 28.

[10] *Id.* ¶ 29.

[11] *Id.* ¶ 30.

November 16, 2009, the case was removed to this Court on the basis of diversity jurisdiction. On November 23, 2009, defendants moved to dismiss the Complaint.

On September 15, 2010, defendants' Motion to Dismiss was granted in part and denied in part. In particular, this Court found that Terracino's claim for wrongful termination based on a "constitutionally impermissible purpose" failed to meet the "state action" requirement because he had not "plausibly pled any facts that show the 'state was involved with the *activity that caused* the injury giving rise to the action.'"[12] However, Terracino was granted leave to amend his Complaint to include facts that would establish the requisite state action.[13]

On October 13, 2010, Terracino filed an Amended Complaint. On November 29, 2010, defendants filed a Motion to Dismiss Plaintiff's Amended Complaint. While that motion was pending, the parties met for a scheduling conference on December 8, 2010, at which point Terracino was given leave to file a Second Amended Complaint. The Second Amended Complaint was filed on December 30, 2010, in response to which defendants withdrew their November 29,

---

[12] *See* Docket #14 at 5 (quoting *Petrusa v. Suffolk County Soc. for the Prevention of Cruelty to Animals*, No. 05 Civ 6017, 2009 WL 1796996, at *5 (E.D.N.Y. June 24, 2009) (quotations marks and citations omitted)). The Court's order was issued by Chief Judge Loretta A. Preska, after which the case was reassigned.

[13] The Court dismissed the count alleging negligent infliction of emotional distress. *See id.* at 6.

4

2010 motion. Defendants now move to dismiss Terracino's Second Amended Complaint on the grounds that Terracino has still failed to plead sufficient facts to establish the requisite state action.[14]

## III. LEGAL STANDARDS

### A. Motion to Dismiss

On a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must "accept as true all of the factual allegations contained in the complaint"[15] and "draw all reasonable inferences in plaintiff's favor."[16] On the other hand, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[17] To survive a motion to dismiss, therefore, the allegations in the complaint must meet a standard of "plausibility."[18] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

---

[14] While Terracino's initial Complaint alleged wrongful termination and his Second Amended Complaint alleged a violation of Section 1983, a showing of state action is integral to both causes of action.

[15] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007) (quotation marks and citation omitted).

[16] *Ofori-Tenkorang v. American Int'l Group, Inc.*, 460 F.3d 296, 298 (2d Cir. 2006).

[17] *Ashcroft v. Iqbal*, 556 U.S. —, 129 S. Ct. 1937, 1949 (2009).

[18] *Twombly*, 550 U.S. at 564.

liable for the misconduct alleged."[19] Plausibility "is not akin to a probability requirement;" rather, plausibility requires "more than a sheer possibility that a defendant has acted unlawfully."

When deciding a motion to dismiss under Rule 12(b)(6), a court is normally required to consider only the allegations on the face of the complaint.[20] However, "[d]ocuments that are attached to the [complaint] or incorporated in it by reference are deemed part of the pleading and may be considered."[21] Thus, a court is allowed to consider documents outside the complaint only if the documents are integral to the pleading or subject to judicial notice.[22]

### B. Section 1983

Section One of the Civil Rights Act of 1871 – colloquially known as Section 1983 – states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person

---

[19]   *Iqbal*, 556 U.S. –, 129 S. Ct. at 1949 (quotation marks and citation omitted).

[20]   *See Roth*, 489 F.3d at 509.

[21]   *Id.*

[22]   *See Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006).

> within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"'[O]ne cannot go into court and claim a 'violation of § 1983' – for § 1983 by itself does not protect anyone against anything.'"[23] However, the passage of Section 1983 "creat[ed] a civil cause of action for constitutional torts."[24] In order to maintain a cause of action under Section 1983, the complaint must sufficiently allege two essential elements: "(1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States."[25]

The applicability of Section 1983 to private parties is limited to those circumstances in which the parties may be considered to be acting "under color of state law."

> The actions of nominally private entities are attributable to the state when those actions meet one of three tests: 1. The "compulsion test:" the entity acts pursuant to the coercive

---

[23] *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002) (quoting *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979)).

[24] *Bernard v. County of Suffolk*, 356 F.3d 495, 502 (2d Cir. 2004).

[25] *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).

power of the state or is controlled by the state, 2. The "public function test:" the entity has been delegated a public function by the [s]tate, or, 3. The "joint action test" or "close nexus test:" the state provides significant encouragement to the entity, the entity is a willful participant in joint activity with the [s]tate, or the entity's functions are entwined with state policies.[26]

### C. Amendments to Pleadings

"Rule 15(a) provides that, other than amendments as a matter of course, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."[27] "[W]hether to permit a plaintiff to amend its pleadings is a matter committed to the Court's sound discretion."[28] However, the Supreme Court has explained that

> [i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason — such as

---

[26] *Hollander v. Copacabana Nightclub*, 624 F.3d 30, 34 (2d Cir. 2010) (quoting *Sybalski v. Independent Group Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008)) (some quotation marks omitted). *Accord Flagg v. Yonkers Sav. and Loan Ass'n*, 396 F.3d 178, 187 (2d Cir. 2005); *Bhatia v. Yale Sch. of Med.*, 347 Fed. Appx. 663, 664-65 (2d Cir. 2009); *Mitchell v. Home*, 377 F. Supp. 2d 361, 369 (S.D.N.Y. 2005).

[27] *Slayton v. American Express Co.*, 460 F.3d 215, 226 n.10 (2d Cir. 2006) (quotation marks and citation omitted).

[28] *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (quotation marks and citation omitted).

> undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be "freely given."[29]

Accordingly, "'[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead.'"[30]

## IV. DISCUSSION

### A. Failure to State a Claim

Terracino fails to allege sufficient facts to show that defendants, all private parties, were acting "under color of state law" when they engaged in the conduct which he alleges violated his Constitutional rights. In support of his claim that defendants' conduct constituted state action, Terracino alleges only that defendants communicated with the Monroe Police Department and that the Police Department shared its investigatory file with defendants. These allegations, without more, are insufficient to cast defendants as state actors under any of the

---

[29] *Foman v. Davis*, 371 U.S. 178, 182 (1962). *Accord Jin v. Metropolitan Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002).

[30] *Vacold LLC v. Cerami*, No. 00 Civ. 4024, 2002 WL 193157, at *6 (S.D.N.Y. Feb. 6, 2002) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991)). *Accord Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) ("When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint.").

tests laid out in *Hollander* – to wit, the "compulsion test," the "public function test," or the "joint action test" or "close nexus test."

Terracino's allegations of state action fail under the "compulsion test," because the Complaint does not suggest any exercise of state coercive power, in that Terracino does not allege that the Police Department made specific threats or promises to defendants leading them to take the actions that they did. Based on the barebones recital of facts contained in the Complaint, the Court cannot infer that there was anything coercive in the communications between defendants and the Police Department. Terracino's allegations of state action also fail under the "public function test," in that there is nothing in the Complaint to suggest that defendants, all private pharmaceutical companies, "have been delegated a public function by the [s]tate."[31]

Finally, the state action allegations fail under the "joint action test" or "close nexus test," in that Terracino does not allege that the Police Department and defendants attempted to question him jointly, nor does he make factual allegations regarding any coordination between the Police Department and defendants in their separate efforts to question him, apart from the Police Department's sharing of its investigatory file. Terracino does not allege any overlap in the leadership, whether

---

[31] *Hollander*, 624 F.3d at 34.

formally or informally, of defendants and the Monroe Police Department, and it is notable that the Monroe Police Department has not been named as a defendant in this suit.

In short, Terracino does not provide any factual allegations to suggest that defendants were acting in concert with the Police Department, whether willingly or under pressure, rather than acting of their own accord based on the information that was allegedly provided by the Police Department.[32] It is somewhat curious that a municipal police department would simply hand over its investigatory file to a private party. However, this allegation standing alone suggests only the possibility that defendants were engaged in state action when they pressured Terracino to speak with the police. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief."[33]

Even "accept[ing] as true all of the factual allegations contained in the

---

[32] *Cf. United States v. Stein*, 440 F. Supp. 2d 315 (S.D.N.Y. 2006) (finding proffers to be coerced where government threatened accounting firm under criminal investigation, causing firm to exert significant pressure on employees to waive Constitutional rights against self-incrimination)

[33] *Iqbal*, 556 U.S. –, 129 S. Ct. at 1950 (quotation marks and citation omitted).

complaint" and "draw[ing] all reasonable inferences in plaintiff's favor,"[34] Terracino has not met the pleading standard in this case. In this, his third attempt to craft a viable complaint, Terracino does not provide anything more than "a sheer possibility that [] defendants [have] acted unlawfully."[35] Absent an explicit pleading of state action, Terracino's Section 1983 claim cannot stand.

### B. Leave to Replead

Although "'[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead,'"[36] a court is not required to do so. In this case, Terracino's "repeated failure to cure deficiencies by amendments previously allowed" and "the futility of amendment"[37] militate against allowing Terracino a fourth bite at the apple. In view of Terracino's repeated failed attempts to craft a viable cause of action, I will not allow a further effort to amend the Complaint.

## V. CONCLUSION

For the foregoing reasons, the defendants' motion is granted with prejudice. The Clerk of the Court is directed to close this motion [docket #34] and

---

[34]  *Twombly*, 550 U.S. at 572.

[35]  *Ofori-Tenkorang*, 460 F.3d at 298.

[36]  *Vacold*, 2002 WL 193157 at *6 (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991)).

[37]  *Foman*, 371 U.S. at 182.

12

this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:  New York, New York
        April 4, 2011

## - Appearances -

**For Plaintiff:**

Jonna Marie Spilbor, Esq.
Todd Wylie Carpenter, Esq.
Law Office of Jonna M. Spilbor, PLLC
35 Main Street, Suite 251
Poughkeepsie, New York 12601
(845) 485-2529

**For Defendants:**

Bradley Louis Mitchell, Esq.
Stevens & Lee, P.C.
485 Madison Avenue, 20th Flr.
New York, New York 10022
(212) 319-8500

Larry J. Rappoport, Esq.
Stevens & Lee, P.C. (PA)
620 Freedom Business Center, Suite 200
King of Prussia, Pennsylvania 19406
(610) 205-6039

Theresa M. Zechman, Esq.
Stevens & Lee, P.C. (Lancaster)
51 South Duke Street
Lancaster, Pennsylvania 17602
(717) 399-6644